UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO: AU:24-CR-00262(1)-RP |
| | § | |
| (1) Jermaine Ray Wilson | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the court is the above styled and numbered cause. On August 13, 2026 the United States Probation Office filed a Petition For Warrant or Summons For Offender Under Supervision for Defendant Jermaine Ray Wilson, which alleged that Wilson violated a condition of his supervised release and recommended that Wilson 's supervised release be revoked (Clerk's Document No. 110). A warrant issued and Wilson was arrested. On October 27, 2026, Wilson appeared before a United States Magistrate Judge, was ordered detained, and a revocation of supervised release hearing was set..

Wilson appeared before the magistrate judge on November 10, 2026, waived his right to a preliminary hearing and to be present before the United States District Judge at the time of modification of sentence, and consented to allocution before the magistrate judge. Following the hearing, the magistrate judge signed his report and recommendation on November 10, 2026, which provides that having carefully considered all of the arguments and evidence presented by the Government and Defendant, based on the original offense and the intervening conduct of Wilson, the magistrate judge recommends that this court revoke Wilson supervised release and that Wilson be sentenced to imprisonment for

5months, with a term of 31 months of supervised release to follow the term of imprisonment (Clerk's Document No. 125).

A party may serve and file specific, written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C.§ 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass 'n,* 79 F.3d1415 (5th Cir. 1996) *(en bane).* The parties in this cause were properly notified of the consequences of a failure to file objections.

The court, having reviewed the entire record and finding no plain error, accepts and adopts the report and recommendation filed in this cause.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this cause (Clerk's Document No. 125 ) is hereby ACCEPTED AND ADOPTED by this court.

**IT IS FURTHER ORDERED** that Defendant Jermaine Ray Wilson's term of supervised release is hereby REVOKED.

**IT IS FURTHER ORDERED** that Defendant Jermaine Ray Wilson be imprisoned for 5 months with a term of supervised release of 31 months to follow the term of imprisonment.

The following special conditions are imposed:

The defendant shall reside in a residential reentry center for a term of up to 180 days. The defendant shall follow the rules and regulations of the center.

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

The defendant shall not use or possess any controlled substances without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to the probation officer and follow the instructions on the prescription.

The defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing if financially able.

The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment if financially able.

The defendant shall take all mental health medications that are prescribed by the treating physician.

The offender shall not work in any type of employment without the prior approval of the probation officer.

The defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

The defendant shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

All prior conditions of supervised release are reimposed. The Court further reimposes the balance of the restitution.

Signed this 23rd day of November, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE